15-42-pr
Zheng v. Decker

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand fifteen.

PRESENT:   **DENNIS JACOBS,**
                 **RAYMOND J. LOHIER, JR.,**
                      **<u>Circuit Judges</u>,**
                 **GEOFFREY W. CRAWFORD,**<sup>*</sup>
                      **<u>District Judge</u>.**

---

**GUANGZU ZHENG,**

**<u>Petitioner-Appellant</u>,**

**v.**                                                                 **15-42-pr**

**COLONEL KENNETH A. DECKER,**
**Warden and Administrator of Orange County**
**Jail, New York,**

**<u>Respondent-Appellee</u>.**

---

**FOR PETITIONER-APPELLANT:**       MING HAI, Law Office of Ming Hai, P.C.,
                                                     Flushing, New York.

**FOR RESPONDENT-APPELLEE:**        CRISTINE IRVIN PHILLIPS, Benjamin H.
                                                     Torrance, Emily E. Daughtry, Assistant United
                                                     States Attorneys (<u>for</u> Preet Bharara, United States

---

<sup>*</sup>   The Honorable Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

Attorney for the Southern District of New York),
New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Dolinger, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-Appellant Guangzu Zheng appeals from the judgment of the United States District Court for the Southern District of New York (Dolinger, M.J.), dismissing Zheng's 28 U.S.C. § 2241 petition challenging his continued immigration detention. We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the district court's denial of Zheng's § 2241 habeas petition and review any factual findings for clear error. Lugo v. Hudson, 785 F.3d 852, 854 (2d Cir. 2015). The issue is whether Zheng's continued immigration detention is statutorily and constitutionally permissible.[1]

Because both parties appear to agree that Zheng's detention is covered by 8 U.S.C. § 1231(a), we will proceed on that assumption. Zheng's statutory "removal period" commenced on the date his order of removal became administratively final. 8 U.S.C. § 1231(a)(1)(B). That was February 27, 2014, the date the Board of Immigration Appeals ("BIA") upheld the removal order of an immigration judge and dismissed Zheng's appeal. 8 U.S.C. § 1101(a)(47)(B)(i) (providing that an "order of deportation" becomes final upon the BIA's affirmance of such order); see also Chupina v. Holder, 570 F.3d 99, 104 (2d Cir. 2009) (explaining that "[t]he term 'order of deportation[]' . . . is synonymous with the term 'order of removal'").

---

[1] Zheng has waived any challenge to the district court's denial of his request to order the Government to refrain from transferring him outside of New York. Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

2

Pursuant to 8 U.S.C. § 1231(a)(1)(A) and (a)(2), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days," and the alien must be detained during that period of time until removal is effectuated. The 90-day period, however, may be extended. See, e.g., 8 U.S.C. § 1231(a)(6). In Zadvydas v. Davis, 533 U.S. 678, 699 (2001), the Supreme Court considered the constitutionality of 8 U.S.C. § 1231, in view of its "apparent authorization of indefinite executive detention." Wang v. Ashcroft, 320 F.3d 130, 146 (2d Cir. 2003). Saving the statute from possible unconstitutionality, the Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Zadvydas, 533 U.S. at 699. This "reasonably foreseeable" standard governs both whether continued detention is statutorily authorized and whether it is constitutional. See Wang, 320 F.3d at 146.

In Zadvydas, the Supreme Court ruled that a six-month period of detention pending removal is presumptively reasonable. 533 U.S. at 701. An alien challenging his detention beyond this period bears the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"; if he provides such reason, "the Government must respond with evidence sufficient to rebut that showing." Id.

Zheng's six-month, presumptively reasonable period of detention pursuant to § 1231 has expired. Zheng argues that there is "no significant likelihood of removal in the reasonably foreseeable future," as evidenced by the Government's purported failure to exercise due diligence in effectuating Zheng's removal before the expiration of a travel document. Id.

Zheng's argument lacks merit. The Chinese government issued a travel document for Zheng on April 8, 2014, which was valid for three months. That same day, Zheng moved the BIA for reconsideration and a stay of removal; the BIA granted the stay on June 6, 2014. Also on June 6, 2014, Zheng moved this Court for a stay of removal. Zheng v. Lynch, No. 14-802,

3

Dkts. 31, 33 (2d Cir.). In accordance with the Government's forbearance policy, Zheng may not be removed while his stay motion is pending. See Efstathiadis v. Holder, 752 F.3d 591, 599 n.5 (2d Cir. 2014). Thus the Government has been prevented from removing Zheng by the BIA's stay of removal (sought by Zheng) and by its own forbearance policy (also resulting from Zheng's pursuit of an additional stay). If this Court denies Zheng's petition for review and pending stay motion, the Government can seek another travel document. Given this record, Zheng has not "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

Furthermore, the Government has shown a "significant likelihood of removal in the reasonably foreseeable future." Id. Once this Court decides Zheng's pending petition for review, the Government will either remove or release Zheng. China has once already issued a travel document for Zheng, and there is no reason to believe it would not do so a second time.

For the foregoing reasons, and finding no merit in Zheng's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk