Herrold v. Quay

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand sixteen.

PRESENT:  ROBERT A. KATZMANN,
　　　　　　 *Chief Judge,*
　　　　　 ROBERT D. SACK,
　　　　　 PETER W. HALL,
　　　　　　 *Circuit Judges.*

_____

Gene Allen Herrold,

　　　　　 *Plaintiff-Appellant*,

　　　 v.　　　　　　　　　　　　　　　　　　　　15-3333

Quay, Warden

　　　　　 *Respondent-Appellee*.

_____

FOR APPELLANT:　　　　　 Gene Allen Herrold, pro se, Danbury, CT.

FOR APPELLEE:　　　　　　 Sandra S. Glover, Henry K. Kopel and Marc H. Silverman, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut

(Chatigny, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gene Allen Herrold, proceeding pro se, appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition, brought pursuant to the savings clause of 28 U.S.C. § 2255, which argued that the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), rendered invalid his 1993 conviction for using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The district court dismissed the petition for abuse of the writ because Herrold had declined to pursue a *Bailey* claim in his multiple previous habeas petitions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's denial of a petition for a writ of habeas corpus brought pursuant to § 2241 de novo and review any factual findings for clear error." *Lugo v. Hudson*, 785 F.3d 852, 854 (2d Cir. 2015) (per curiam). A district court may dismiss a petition as abusive if it asserts a claim that could have been raised in a previous petition. *Roccisano v. Menifee,* 293 F.3d 51, 58 (2d Cir. 2002). To avoid such a dismissal, the petitioner must show cause by demonstrating that "some objective factor external to [him] impeded [his] efforts" in raising the claim and must also show "actual prejudice." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If a petitioner fails to meet this standard, a court may excuse an abusive petition if dismissal under the abuse-of-the-writ doctrine would result in a "fundamental miscarriage of justice." *Id*. at 494.

Upon review, we conclude that the district court did not err in dismissing Herrold's petition. Although the district court expressed skepticism that Herrold met the requirements of the savings clause to bring a 28 U.S.C. § 2241 petition, it ultimately dismissed the petition under the

abuse-of-the-writ doctrine. Herrold could have raised his *Bailey* claim in any one of the numerous § 2241 petitions that he filed in the Third Circuit, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (holding that, under the savings clause, a petition can raise a *Bailey* argument in a § 2241 petition), but he declined to do so. His concern about the Third Circuit's alleged bias against him does not satisfy the "cause" requirement and, in any event, is belied by the record because he continuously sought habeas relief in the Third Circuit on other grounds. Furthermore, this dismissal does not result in a "fundamental miscarriage of justice" warranting review of the merits. In *Bailey*, the Supreme Court held that the "use" prong of § 924(c) punishes only "active employment" (and not mere possession) of a firearm during certain crimes. *Bailey*, 516 U.S. at 143. However, *Bailey* recognized that "[t]he 'carry' prong of § 924(c)(1) . . . brings some offenders who would not satisfy the 'use' prong within the reach of the statute." *Id*. at 150. Herrold was indicted for both using and carrying a firearm during the commission of a drug trafficking offense and raises no arguments that relate to his conviction under the carry prong. Moreover, the record shows that Herrold was properly convicted under the carry prong: A witness testified that Herrold had a gun during a drug transaction, and Herrold was holding a gun when the police arrested him in his home, which contained drugs that Herrold had divided for sale. *See United States v. Canady*, 126 F.3d 352, 359 (2d Cir. 1997) (holding that the carry prong reaches a defendant who "actually held the firearm during and in relation to a drug trafficking crime"). Therefore, *Bailey*'s narrowing of the term "use" did not call into question Herrold's conviction under the carry prong of § 924(c).

3

We have considered Herrold's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4