18-2184-cv
*Arevalo-Guasco v. Dubois*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand nineteen.

PRESENT:   RICHARD C. WESLEY,
     DENNY CHIN,
     JOSEPH F. BIANCO,
        *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CARLOS ARMANDO AREVALO-GUASCO,

        *Petitioner-Appellant*,

      v.            18-2184-cv

CARL E. DUBOIS, ORANGE COUNTY SHERIFF,

        *Respondent-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:  Judy Resnick, Law Office of Judy Resnick, Far Rockaway, New York.

FOR RESPONDENT-APPELLEE:  Brandon M. Waterman, Benjamin H. Torrance, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the

Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Petitioner-appellant Carlos Armando Arevalo-Guasco appeals from the district court's June 22, 2018 order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.[1]

"We review a district court's denial of a petition for a writ of habeas corpus brought pursuant to § 2241 de novo and review any factual findings for clear error." *Lugo v. Hudson*, 785 F.3d 852, 854 (2d Cir. 2015) (per curiam).

Pursuant to 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States," and pending that decision, the alien may continue to be detained or be released on bond or

---

[1]     On September 3, 2019, Arevalo-Guasco moved to withdraw his appeal with prejudice, on the ground that he has been relocated to a facility outside the Second Circuit. The government opposed the motion on the ground that Arevalo-Guasco was detained in the Southern District of New York when the petition was filed. We agree with the government that the key is where Arevalo-Guasco was detained when he filed his petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Henderson v. INS*, 157 F.3d 106, 125 (2d Cir. 1998). Accordingly, the motion is denied.

conditional parole.  Furthermore, "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."  8 U.S.C. § 1226(b).[2]  Section 1226(e) limits review of the agency's decision regarding custody:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).

In *Demore v. Kim*, the Supreme Court considered whether § 1226(e) precluded jurisdiction to grant habeas relief to aliens challenging their detention under § 1226.  538 U.S. 510, 516 (2003).  The Supreme Court held that because the habeas petitioner was challenging the "statutory framework" governing detention and not "a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General . . . made regarding his detention or release," the statute did not preclude judicial review.  *Id.* at 516-17; *accord Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018).

Here, as an initial matter, Arevalo-Guasco has not challenged the district court's determination that it lacked jurisdiction to the extent that Arevalo-Guasco asked the court to review the Immigration Judge's ("IJ's") weighing of evidence and the

---

[2]    The parties do not dispute that Arevalo-Guasco is detained pursuant to § 1226(a) instead of § 1231.

discretionary determination that Arevalo-Guasco should be detained during his removal proceedings. Accordingly, he has waived any such argument. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Furthermore, because Arevalo-Guasco has waived any challenge to the district court's decision that it lacked jurisdiction to review the agency's determination regarding custody, we need not reach the district court's alternative finding that Arevalo-Guasco's petition failed because he did not exhaust his administrative remedies.

Likewise, although Arevalo-Guasco asks this Court to review the IJ's factual findings regarding whether he is a danger to the community, this Court lacks jurisdiction to review those findings. *See* 8 U.S.C. § 1226(e); *Jennings*, 138 S. Ct. at 841; *Demore*, 538 U.S. at 516. This is not a challenge to the "statutory framework," but a challenge to "a 'decision' that the [IJ] has made regarding his detention or release," and § 1226(e) precludes judicial review of the IJ's weighing of evidence and factual findings regarding whether Arevalo-Guasco is a danger to the community. *Jennings*, 138 S. Ct. at 841; *see Demore*, 538 U.S. at 516.

Arevalo-Guasco also alleges that his continued detention violates due process and that the IJ engaged in prejudicial factfinding. Although this Court has not previously addressed whether federal courts have jurisdiction to review immigration custody determinations for constitutional claims, *see Singh v. Holder*, 638 F.3d 1196, 1200

- 4 -

(9th Cir. 2011) (holding that "a federal district court has habeas jurisdiction under 28 U.S.C. § 2241 to review [certain] bond hearing determinations for constitutional claims and legal error"), Arevalo-Guasco's conclusory allegations are insufficient to raise a constitutional claim, *see United States v. Brennan*, 650 F.3d 65, 137 (2d Cir. 2011) (determining that conclusory statement in brief that there was a due process violation was insufficient to raise the issue on appeal).

Finally, Arevalo-Guasco argues that his prolonged detention of eleven months is unconstitutional. Arevalo-Guasco, however, did not raise specific arguments regarding the length of his detention in his habeas petition, which he filed less than six months after he was detained. Accordingly, because Arevalo-Guasco did not specify why or how the length of his detention was unconstitutional before the district court, we decline to address these arguments in the first instance. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

\* \* \*

We have considered all of Arevalo-Guasco's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk