24-3220-pr
*Torres v. Warden*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

LISA TORRES,

*Petitioner-Appellant*,

v.                                                            24-3220

WARDEN, DEREK PUZIO, IN HIS OFFICIAL CAPACITY AS THE ACTING WARDEN OF FCI DANBURY, TREMSLEY, AN, BOP,

*Respondents-Appellees*.

_____

For Petitioner-Appellant:        LISA TORRES, pro se, Greenville, IL.

For Respondents-Appellees:       JILLIAN ROSE ORTICELLI (Katherine E. Boyles, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney, District of Connecticut, New Haven, CT.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner Lisa Torres ("Torres"), pro se, appeals from the November 22, 2024 ruling by the United States District Court for the District of Connecticut (Dooley, *J.*), dismissing her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and explaining that Torres cannot apply First Step Act ("FSA") time credits until she earns credit days equal to her remaining sentence. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

"We review a district court's denial of a petition for a writ of habeas corpus brought pursuant to § 2241 de novo and review any factual findings for clear error." *Lugo v. Hudson*, 785 F.3d 852, 854 (2d Cir. 2015) (per curiam).

At the outset, Torres does not challenge the district court's rulings that the court lacked the authority to grant her compassionate release or home confinement. Her appellate brief makes no mention of either issue. Indeed, in the district court, Torres clarified that she was not actually seeking such relief. Accordingly, Torres has abandoned these issues. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

On appeal, Torres challenges the district court's denial of her Section 2241 petition with respect to her FSA and Second Chance Act ("SCA") claims. Her primary argument is that the district court erred by denying her petition without affording her the opportunity to reply to the Government's answer. Regardless of whether this was error, we review Torres's Section 2241

petition de novo, and upon considering the record in its entirety—including Torres's reply to the Government's answer—we conclude that Torres did not show that she was entitled to relief.

First, the district court was correct that Torres was not yet eligible for transfer to prerelease custody or supervised release under the FSA. Under the FSA, certain prisoners "who successfully complete[] evidence-based recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C. § 3632(d)(4)(A). These credits "shall be applied toward time in prerelease custody or supervised release," and "[t]he Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). Under Section 3624(g), an eligible prisoner "has earned time credits under the risk and needs assessment system . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment," among other criteria. 18 U.S.C. § 3624(g)(1)(A).

Here, Torres was sentenced to 102 months' imprisonment in April 2024. By November 2024, Torres had earned 40 FSA time credits, but she still had years left on her sentence. Because the remainder of Torres's imposed term of imprisonment remained greater than the FSA credits she had earned, she was not yet eligible for transfer. *See* 18 U.S.C. § 3632(d)(4)(C); *id.* § 3624(g)(1)(A).

Second, Torres was not yet eligible for relief under the SCA. Under the SCA, "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Here, Torres had more than twelve months of her term left to serve.

3

Neither Torres's reply to the Government's answer nor her appellate brief raises a meritorious challenge to this analysis. Torres reiterates her request that her time credits be applied "up front." But Torres does not dispute that her FSA time credits do not yet equal her remaining sentence and that she is not yet in the final twelve months of her sentence. Moreover, the records submitted by the Government reflect that the Bureau of Prisons ("BOP") is recording Torres's earned FSA credits, and Torres does not dispute the amount of credits she has earned. Although she argues that the BOP is incorrectly calculating FSA projection dates, she fails to explain how or why the BOP's projected dates are incorrect.

*       *       *

We have considered Torres's remaining arguments and find them to be without merit.[1] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In particular, we deny Torres's motion for an evidentiary hearing, which relies on the same arguments presented in her briefing.

4