15-1525-cr
United States v. Nieves

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand sixteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           CHRISTOPHER F. DRONEY,
               *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
               *Appellee*,

v.   No. 15-1525-cr

MARIA NIEVES,
               *Defendant-Appellant*,

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:   ARNOLD J. LEVINE, Esq., New York, New York.

APPEARING FOR APPELLEE:   WON S. SHIN, Assistant United States Attorney (Anna M. Skotko, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 29, 2015, is AFFIRMED.

Defendant Maria Nieves pleaded guilty in 2007 to conspiracy to commit access device fraud, see 18 U.S.C. § 1029(a)(2), (a)(3), (b)(2), and to improperly obtaining and disclosing other persons' health information for personal gain, see 42 U.S.C. § 1320d-6(a)(2), (a)(3), (b)(3). In 2015 she was sentenced to four years' probation, 400 hours' community service, $29,063.46 in restitution, and a $200 special assessment. Nieves contends that the nearly eight-year delay in sentencing violated due process and that the sentence is infected by substantive and procedural error. As none of these objections was raised at sentencing, our review would normally be limited to plain error. See United States v. Marcus, 560 U.S. 258, 262 (2010); United States v. Rubin, 743 F.3d 31, 39 (2d Cir. 2014). Because we have not decided whether plain error review applies to an unpreserved challenge to a sentence's substantive reasonableness, see United States v. Thavaraja, 740 F.3d 253, 258 n.4 (2d Cir. 2014), we assume, without deciding, that our review of that claim is for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). We also assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Due Process Challenge

A defendant challenging a delay in sentencing "must show both prejudice and an unjustified reason for the delay in order to prove a due process violation." United States v. Ray, 578 F.3d 184, 199 (2d Cir. 2009). As in Ray, the delay here is due to

2

government negligence, a factor that "weighs against it," but not as heavily as where the government has sought delay for "strategic advantage." Id. at 200, 202. In Ray, we identified a due process violation where a 15-year delay in imposing a one-day prison sentence followed by six months in a halfway house prejudiced defendant by disrupting her rehabilitation within the community. See id. at 200–02. At the same time, however, we "emphasize[d] the narrowness of this holding," observing that "[e]ven substantial delays in sentencing do not in all circumstances amount to a due process violation, especially when a defendant has not requested timely sentencing and is unable to establish prejudice of the sort implicated here." Id. at 202. On plain error review, we here identify no prejudice comparable to that in Ray from the imposition of a non-incarceratory sentence and community service.

Nieves argues that, instead of the Ray standard, we should assess her due process claim by reference to the four-part test for Sixth Amendment Speedy Trial claims derived from Barker v. Wingo, 407 U.S. 514 (1972). Ray explicitly rejected this argument, see 578 F.3d at 198–99, and we are bound to follow Ray until it is overruled by this court en banc or by the Supreme Court, see United States v. Wilkerson, 361 F.3d 717, 732 (2d Cir. 2004). Further, while application of the Speedy Trial Clause at sentencing—or, alternatively, use of the Barker test for due process challenges to sentencing delays—is pending before the Supreme Court, see Betterman v. Montana, 136 S. Ct. 582 (2015), we need not await that ruling to decide this appeal, because Nieves's claim fails even under the Barker standard, see 407 U.S. at 530 (instructing courts to balance "[l]ength of delay,

3

the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant").

Even assuming the nearly eight-year sentencing delay in this case attributable to government negligence gives rise to the same rebuttable presumption of prejudice applicable to pre-trial delay, see Doggett v. United States, 505 U.S. 647, 651–52 (1992); United States v. Gibson, 353 F.3d 21, 27 (D.C. Cir. 2003) (finding that seven-year delay "clearly suffices to trigger judicial scrutiny under the first prong of Barker"); Perez v. Sullivan, 793 F.2d 249, 256 (10th Cir. 1986) (finding 15-month sentencing delay long enough to trigger scrutiny), Nieves fails to demonstrate a valid claim under the Barker test.

We assume that the length of delay weighs in Nieves's favor. See Burkett v. Cunningham, 826 F.2d 1208, 1225 (3d Cir. 1987). The reason for the delay also weighs in Nieves's favor, "although not to the same degree as deliberate misconduct." United States v. Moreno, 789 F.3d 72, 79 (2d Cir. 2015); accord Barker v. Wingo, 407 U.S. at 531. However, Nieves's failure to assert her right to be sentenced at any point during the eight-year delay, and in particular after her co-defendant was sentenced in 2009, weighs heavily against her. See id. at 532 ("[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a fair trial.").

Nieves has also failed to demonstrate substantial prejudice. Nieves was not incarcerated pending sentencing, nor was her ability to present a defense or make an effective sentencing submission compromised. Cf. Barker v. Wingo, 407 U.S. at 532 (recognizing oppressive incarceration and impaired defense as prejudice caused by

4

pre-trial delay). Indeed, the judge explicitly credited her "extraordinary rehabilitation" during the period of delay. App'x 40. Delay did not cost Nieves the opportunity to receive a concurrent sentence, see Burkett v. Cunningham, 826 F.2d at 1223–24, or to appeal as of right, see id. at 1225. To the extent Nieves maintains that delay resulted in longer bail supervision and anxiety, such conditions do not demonstrate more than minimal prejudice. See Barker v. Wingo, 407 U.S. at 534 (describing anxiety of four-year pre-trial delay as minimal even in combination with bail conditions and ten-month incarceration); accord United States v. Yelverton, 197 F.3d 531, 538 n.9 (D.C. Cir. 1999) ("[A]bsent evidence of severe anxiety . . . we are left with what amounts to rank speculation about [defendant's] state of mind, and this is insufficient to establish a Sixth Amendment violation."); Perez v. Sullivan, 793 F.2d at 257 (identifying "nothing in the record to support the defendant's contention that he suffered anxiety with respect to the delay in his sentencing").

Accordingly, while the length of the sentencing delay and the reason for the delay weigh in Nieves's favor, her failure to assert her right to sentencing and her lack of substantial prejudice would render her claim unsuccessful under the Barker test. Therefore, her due process claim fails under either Ray or Barker.

2.      Substantive Reasonableness

In asserting substantive unreasonableness, Nieves bears a heavy burden because we generally defer to a district judge's determination as to the sentence warranted in a particular case, see United States v. Broxmeyer, 699 F.3d 265, 288–89 (2d Cir. 2012), except "in exceptional cases where the trial court's decision cannot be located within the

5

range of permissible decisions," United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted); see also United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing broad range of sentences as substantively reasonable). Because a within-Guidelines sentence will rarely be held to fall outside the permissible range, see United States v. Messina, 806 F.3d 55, 66 (2d Cir. 2015), it is particularly "difficult to find that a below-Guidelines sentence is unreasonable," United States v. Perez-Frias, 636 F.3d 39, 43 (2d Cir. 2011). The "few cases" raising substantive concerns are those in which the sentence is so "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" that allowing it to stand would "damage the administration of justice." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). That is not this case. The district court fully considered Nieves's cooperation, her "extraordinary rehabilitation," and the long delay in her sentencing in imposing a below-Guidelines, non-incarceratory sentence with carefully crafted conditions of parole and community service around her needs. See App'x 39–44, 49–50. Under such circumstances, the challenged sentence falls well within the range of permissible options available to the district court

3.    Restitution

The parties agree that the total loss from Nieves's conspiracy with her confederate Jose Miranda was $29,063.46, and that Miranda has satisfied his separate restitution order of $9,133.57 for the conspiracy. Nieves urges us to identify plain error in the court's failure explicitly to offset Nieves's restitution by Miranda's amount, or to specify that Nieves is jointly and severally liable for the full amount of the restitution. We decline to do so. Instead, consistent with United States v. Nucci, 364 F.3d 419 (2d Cir.

6

2004), we hold that the district court appropriately ordered restitution in the full loss amount, but we reiterate that Nieves cannot be required to pay restitution that would constitute double recovery. See id. at 424 ("While the district judge could have made it clearer in her restitution order that a given victim would not be allowed to receive compensation in excess of his loss, and probably should have in order to remove the question from all doubt, we will not find error for any failure to do so because, in any event, absent a statutory command, there is no legal basis to permit an award that allows a victim to recover more than his due."). Because the district court's judgment cannot be interpreted under controlling precedent to allow the government to collect more than $19,929.89 from Nieves, we uphold the restitution award.

4. Conclusion

We have considered Nieves's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7