14-4194-cr
*United States v. Gil*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                     No. 14-4194-cr

MARTIN NELSON GARCIA,

> *Defendant*,

RUBEN GIL, A/K/A GAVILAN, A/K/A PADRINO,

> *Defendant-Appellant*.

———————————————————————

For Appellee:                               CATHERINE E. GEDDES, Assistant United States Attorney (Adam S. Hickey, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for

the Southern District of New York, New York, NY.

For Defendant-Appellant:                    MARC A. KARLIN, Karlin & Karlin, Los Angeles, CA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ruben Gil appeals from a judgment sentencing him to a term of imprisonment for violating his term of supervised release. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

A district court's sentencing decisions are reviewed for both substantive and procedural reasonableness. *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). Gil does not identify any procedural errors by the district court, and offers only a threadbare argument that his sentence was substantively unreasonable in light of his health issues. "Reasonableness review is similar to review for abuse of discretion and may require reversal when the district court's decision 'cannot be located within the range of permissible decisions' or is based on a legal error or clearly erroneous factual finding." *Id.* (quoting *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007)); *accord United States v. Broxmeyer*, 699 F.3d 265, 288-89 (2d Cir. 2012) (observing that a defendant challenging a sentence as substantively unreasonable "bears a heavy burden").[1]

---

[1] Although Gil did not object to the length of his sentence in district court, we have not resolved whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence. *See United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014) ("We have not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence"); *United States v. Nieves*, 648 F. App'x 152, 154 (2d Cir. 2016) (unpublished) (same). It is unnecessary to decide the issue here, however, because Gil's challenge fails on the merits regardless of the standard of review.

A district court has discretion to impose a consecutive sentence on a defendant "who is already subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a).

While we sympathize with Gil's medical condition, we disagree that it was unreasonable to sentence him to 30 months' imprisonment. Although non-binding, the policy statements set forth in Chapter 7 of the Sentencing Guidelines recommend a range of 24-30 months' imprisonment for an offender, such as Gil, with a criminal history category of I whose underlying offense was a class A felony. U.S.S.G. § 7B1.4 ; *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008) ("In formulating sentencing ranges for violations of probation and supervised release, the Sentencing Commission specifically limited itself to policy statements rather than formal guidelines."). Gil's sentence was within the recommended range, and we have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). The district court, moreover, acknowledged Gil's health problems but accurately stated that Gil was a recidivist who had committed a very serious crime shortly after being released from prison on the underlying criminal offense. We agree that "a significant period of incarceration [was] necessary to incapacitate [Gil] from further violations of the law." App'x 89; *see* 18 U.S.C. § 3553(a)(2)(B), (C) (recognizing need for a sentence to "afford adequate deterrence to criminal conduct" and to "protect the public from further crimes of the defendant"). Gil's offense was also a serious breach of the trust afforded those on supervised release. *See Sindima,* 488 F.3d at 86 (observing that "at revocation the court should sanction primarily the defendant's breach of trust") (quoting U.S.S.G. ch. 7, pt. A. 3(b)). For these reasons, Gil has not met his "heavy

burden" to show that his sentence is substantively unreasonable. *See Broxmeyer*, 699 F.3d at 289.

Gil seems to imply that the district court erred when it ordered that his federal sentence be served consecutively to his California state sentence. We disagree. The Guidelines recommend that a sentence imposed upon the revocation of supervised release should run "consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f). The court recognized that it had the discretion to order that Gil's sentence be served concurrently to his state sentence, but opted to follow the Guidelines recommendation in light of Gil's recidivism. This was not an abuse of discretion in these circumstances.

Gil further argues that, given his health issues, the court abused its discretion "by not ordering [him] transferred to a Federal correctional institution or crediting [him] for his time served in California state custody toward his [federal] sentence." The district court, however, does not control the facility at which Gil will be placed. That discretion was reserved for the Bureau of Prisons ("BOP") when Gil finished his state sentence and was taken into federal custody. *See* 18 U.S.C. § 3621(b) (explaining that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment"); *see also, e.g.*, *Lugo v. Hudson*, 785 F.3d 852, 855 (2d Cir. 2015) (observing that a defendant began serving his federal sentence "[w]hen [he] was released from state custody . . . and delivered to federal officials"). It is also the BOP, and not the district court, that is vested with authority to decide whether to credit time Gil served in state prison toward his federal sentence. *See United States v. Wilson*, 503 U.S. 329, 333 (1992)

(holding that "it is the Attorney General," and not the district court, "who computes the amount of the credit after the defendant begins his sentence").

We have considered all of Gil's remaining arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk