United States v. Ruiz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-three.

PRESENT:
> **GUIDO CALABRESI,**
> **MYRNA PÉREZ,**
> **ALISON J. NATHAN,**
>
> *Circuit Judges.*

_____

United States of America,

*Appellee,*

v.                                                        **No. 21-2854**

Edwin Ruiz,

*Defendant-Appellant,*

Ismael Canales, AKA Ish, Jose Medina, AKA Lou, Jonathan Rodriguez, AKA Cabo, Nikolaos Antonakos, AKA Mist, Javier Delarosa, AKA Javi, Ivan Canales, Joel Beltre, AKA Matumbo, Michael Cotto, AKA Mikey, AKA Gordo.

*Defendants.**

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**FOR DEFENDANT-APPELLANT:**              DANIEL S. NOOTER, Washington, DC.

**FOR APPELLEE:**              SARAH L. KUSHNER, Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 12, 2021 judgment of the district court is **AFFIRMED**.

Defendant-Appellant Edwin Ruiz ("Mr. Ruiz") appeals from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*), revoking his supervised release and sentencing him primarily to 20 months' incarceration. On appeal, Mr. Ruiz challenges the procedural and substantive reasonableness of his sentence. For the reasons below, we **AFFIRM**. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

## I.    Factual and Procedural Background

After serving nearly four years of supervised release without incident, Mr. Ruiz was pulled over in a traffic stop in March 2021. During a search of Mr. Ruiz's vehicle, the police discovered approximately one pound of marijuana in various forms, including boxes and bags of marijuana, marijuana edibles, and marijuana paraphernalia. Mr. Ruiz was arrested and charged with two state crimes: (1) criminal possession of a controlled substance in the fourth degree, in violation of N.Y.

Penal Law § 220.09; and (2) criminal possession of marijuana in the second degree, in violation of N.Y. Penal Law § 221.25.[1]

After his arrest, the United States Probation Office ("Probation") filed an initial Violation of Supervised Release ("VOSR") Report charging Mr. Ruiz with three specifications: (1) criminal possession of a controlled substance in the fourth degree, in violation of N.Y. Penal Law § 220.09 ("Specification One"); (2) criminal possession of marijuana in the second degree, in violation of N.Y. Penal Law § 221.25 ("Specification Two"); and (3) traveling out of the Southern District of New York to California without permission on or about January 21, 2021 ("Specification Three").[2] Probation recommended that the district court modify Mr. Ruiz's conditions of supervised release to include 75 hours of community service and to not issue a summons.

Instead, the district court issued a summons and sua sponte requested, at a preliminary revocation hearing, that Probation add an additional specification arising from the federal drug laws. Probation complied. The amended VOSR Report (the "Report") added a fourth specification: unlawful possession of marijuana with the intent to distribute it, in violation of 21 U.S.C. § 841(b)(1)(D) ("Specification Four"). Probation also amended its sentencing recommendation to six months' home detention.

A two-day evidentiary hearing followed, at which Mr. Ruiz admitted to all four specifications. The Government then introduced into evidence, inter alia, photos and videos obtained from Mr. Ruiz's iCloud account that indicated that he promoted marijuana products at events and made at least one additional unauthorized trip to California. Mr. Ruiz put on one

---

[1] Both charges were later dismissed after the drug laws in New York State were modified to permit individuals to possess certain quantities of marijuana under certain circumstances, and to distribute certain quantities of marijuana as long as no compensation is exchanged. *See* N.Y. Penal Law § 222.05.

[2] After his arrest, Mr. Ruiz admitted to Probation that he had traveled to California to obtain a medical marijuana card in approximately January 2021.

witness, his then-United States Probation Officer ("USPO"), who recommended that Mr. Ruiz receive a sentence of six months' home detention.[3] Instead, the district court sentenced Mr. Ruiz to a within-Guidelines sentence of 20 months' incarceration and a five-year term of supervised release thereafter. This appeal followed.

## II.    Standard of Review

We review a challenged sentence for reasonableness. *United States v. Friedberg*, 558 F.3d 131, 133 (2d Cir. 2009). The reasonableness of a sentence is reviewed "under a deferential abuse-of-discretion standard." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (internal quotation marks omitted). This standard contemplates de novo review of legal questions and clear-error review of the district court's factual determinations. *United States v. Salim*, 549 F.3d 67, 72 (2d Cir. 2008). The inquiry has both procedural and substantive components. *See Friedberg*, 558 F.3d at 131. "Procedural reasonableness concerns the procedures a district court employs in arriving at a sentence." *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). Substantive reasonableness concerns the length of a sentence. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008).

Where, as here, a defendant fails to raise a procedural objection in the district court, we review for plain error.[4] To show plain error, a defendant must demonstrate that:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court

---

[3] At sentencing, Mr. Ruiz's USPO again changed his recommendation, stating that he supported a Guidelines-range sentence.

[4] The Court has not yet resolved whether plain-error review applies to an unpreserved challenge to the substantive reasonableness of a sentence. *See United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014); *see also United States v. Garcia*, 665 F. App'x 62, 63 n.1 (2d Cir. 2016). It is unnecessary to decide the issue here because Mr. Ruiz's substantive reasonableness challenge fails regardless of the standard of review.

4

proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alteration omitted); *see also United States v. Rodriguez*, 775 F.3d 533, 536 (2d Cir. 2014).

### III.   Discussion

Mr. Ruiz's challenges to his sentence as both procedurally and substantively unreasonable fail.

a.   Mr. Ruiz's sentence was procedurally reasonable.

We need not resolve Mr. Ruiz's argument that the district court erred in finding that he violated Specification One, which charged him with violating New York Penal Law § 220.09—a statute criminalizing possession of a controlled substance, whose definition excludes marijuana— because Mr. Ruiz failed to demonstrate that such error was plain. Under the plain error standard, a defendant must demonstrate, inter alia, "that the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings." *Marcus*, 560 U.S. at 262. Mr. Ruiz does not so demonstrate for two reasons. First, Specification Four is the highest classified of Mr. Ruiz's violations, Grade A, and its corresponding Guidelines range, 18 to 24 months' incarceration, is determinative for sentencing purposes.[5] Where, as here, there are multiple violations, the relevant grade for sentencing is the one covering the most serious offense. *See* U.S. Sent'g Guidelines Manual § 7B1.1(b); *see also United States v. McNeil*, 415 F.3d 273, 279 (2d Cir. 2005). Accordingly, Specification One did not affect the suggested Guidelines range. *Cf. United States v. Outen*, 286 F.3d 622, 640 (2d Cir. 2002) ("[A]n erroneous sentence on one

---

[5] By contrast, the parties agree that Specification One is a Grade B classification and has a suggested Guidelines range of 8 to 14 months' incarceration.

count of a multiple-count conviction does not affect substantial rights where the total term of imprisonment remains unaffected . . . .").

Second, as the district court explained, Mr. Ruiz's breach of trust, rather than the individual specifications, was its primary consideration in sentencing. *See United States v. Edwards*, 834 F.3d 180, 194 (2d Cir. 2016) ("[T]he critical 'subject under consideration' at a revocation proceeding is more than a charged violation; it is the breach of trust manifested by the violation . . . ."). At sentencing the district court stated:

> I'm not sentencing you as though you were convicted of these violations or these crimes, I'm sentencing you for the breach of trust that is reflected by the fact that you were on supervised release, you were expected to comply with those conditions, I made it very clear at the time of your sentencing you were expected to comply with those conditions. So that is something I'm going to be focused on.

App'x at 182–83.[6] Because the district court focused on Mr. Ruiz's underlying conduct—among other things, his possession of approximately one pound of marijuana products, his misrepresentations about his arrest to Probation, and his multiple unauthorized trips—rather than the individual specifications, Mr. Ruiz fails to show that Specification One itself affected his sentence. Accordingly, the district court did not commit plain error. *See Marcus*, 560 U.S. at 262.

b.  Mr. Ruiz's sentence was substantively reasonable.

Mr. Ruiz's sentence was not the rare case in which the sentence imposed "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir.

---

[6] The district court later reiterated this point, stating:

> Just to remind [Mr. Ruiz] and everyone, what I'm focused on, for a violation of supervised release, is really the breach of trust reflected by the violation. . . . I'm focused on the violations, but it's the breach of trust. I'm not sentencing you as though you were convicted of these violations or these crimes, I'm sentencing you for the breach of trust that is reflected by the fact that you were on supervised release . . . .

App'x at 183–84.

2008) (en banc) (quotation marks omitted). Our review for substantive reasonableness is "particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We will reverse a district court's sentence only if it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Id.* (internal quotation marks omitted). This sentence, though harsh, is not one of those exceptional cases. The district court's sentence was based on factual findings made after a two-day revocation hearing and supported by the record, that Mr. Ruiz was dishonest and tried to minimize his culpability. Furthermore, it was within the Guidelines range. *See Ingram*, 721 F.3d at 37 ("While we have declined to adopt a *per se* rule, '[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.'" (quoting *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) (alteration in original))). Accordingly, we cannot say that Mr. Ruiz's sentence was substantively unreasonable.

We have considered all of Plaintiff's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
